IN The United States District Court
US District Court MARYLAND

| United State of America | Motion for Compassionate Release Pursuant to "Compelling and Extraordinary" Circumstances (Potential terminal illness) Regarding the Covid-19 virus outbreak; Pursuant to 3582(c)(1)(A) AND THE CARES ACT (PASSED BY CONGRESS) |
|---|---|
| V. | |
| CLAUDIS LASSITER, Pro Se (Petitioner) (Defendant) | |

FILED ___ LOGGED ___ ENTERED ___ RECEIVED
MAY 13 2020
CLERK, U.S. DISTRICT COURT
AT BALTIMORE
DISTRICT OF MARYLAND
BY ___ DEPUTY

Now Comes CLAUDIS LASSITER, Pro Se, Respectfully submits this motion to this honorable Court in support of Immediate release from custody due to potential terminal (Health) illness considered by the (CDC) and alike and petitioner state the following reasons:

## I Relevent Facts and Procedural History

On 08-14-2018 Mr Lassiter was sentence to 126 months and 5 years Supervised release before District Judge Ellen Hollender to count one 21:846 conspiracy to distribute and possess with the intent to distribute dangerous substances Mr Lassiter has served about 3 years at the time of this filing and is set to be released from the BOP on 5-1-2026. Petitioner is 41 years old at this time of this filing.

(1)

## II. Compelling and Extraordinary Circumstances "Terminal illness"

My underlying medical condition is identified by the CDC and program statement 5050.50 for home confinement due to the Covid-19 virus outbreak such as hypertension. As one of the multiple symptoms that caused death in the more then 50,000 (thousand) U.S citizens to date of this filing. Accordingly; there are many federal prisons that have fatally suffered unsuspected, unidentified timely and what amounted to death sentences to inmates such as myself that was not sentenced to what would amount to a death sentence upon contracting this respiratory and heart (and alike) debilitating virus throughout the prison of the BOP.

As per the First Step Act of 2018; I have exhausted my remedies (see the attachment denial from the Warden) and therefore I file this motion and request for immediate release to avoid the Covid-19 outbreak and my case is considered the lowest risk and my time would be better served on home confinement for the balance of my sentence imposed by this court.

Of great importance, if the government were to assert that petitioner did not exhaust all his remedies, recently in (U.S. V Sawicz No 08-CR-287 (EDNY Apr. 10th 2020)

The court waived the exhaustion requirements in this case and cited that administrative exhaustion is not absolute (See Washington V Barr, 925 F 3d 109,118 2nd Cir 2019) Furthering; the court may waive exhaustion requirements when the (exhaustion) would be futile.... and the administrative process would be incapable if granting adequate relief... or where pursuing agency review would subject the person seeking relief to undue prejudice. And accordingly; Undue delay, if it in fact results in catastrophic health consequences. Can justify waiving an administrative exhaustion required for any of those reasons (three)

Next, the matter concerning hypertension;
The court ruled that the Covid-19 outbreak risk suffering severe complications because of his (hypertension) health issues justified waiver; Due to extraordinary and compelling reasons warranted Sawicz's release because particular vulnerability to complication from Covid-19.

Unlike Swaicz petitioner's 3553 factor's does not include prior crimes of violence, nor violation of prior probation status, nor is petitioner considered a danger to the safety of any other person(s) of the community, Therefore, similar in-line with the court recent decision as petitioner also has severe hypertension his health history will show if affected by the Covid-19 virus could lead to life threatening results to my health. (See petitioner's PSR report describing his health history)(Also see petitioner's medical records and programming statement attached)

### III Covid-19 Pandemic is Deadly

Covid-19 is referred to as a "Novel Coronavirus" because it is new, and as a new illness it is not long-studied or well understood; and has quickly become unprecedented in our lifetime. In fact, any pretention our nation has that we know or understand what will happened next, is believed by the events of the last few weeks. For example, the CDC itself has changed it's Recommendations to include wearing a face mask, and predictions of how long individuals need to stay at home to "Flatten the curve" have evolved, at times on an hourly basis. It is with this unprecedentedly deadly, disruptive, unknown and unpredictable virus as a backdrop that I implore this court to Grant Compassionate release to Petitioner.

The combination of, Facts and Circumstances outlined here comprised most respectfully, "Extraordinary and Compelling reasons" For Allowing Petitioner to serve the remainer of his prison sentence in home Confinement. (See 18.U.S.C § 3582 (c)(1)(A)(i).

## IV. The BOP Complete Failings

A vast majority of court's have rejected the BOP's claims that a defendent's failure to suggest a life-threatening condition to support a claim that [3582(c)(1)(A)'s] exhaustion requirements may be excused during this national [coronavirus] Emergency." (see U.S. v. Sloane, No 19-CR-10117 (D. Mass.) ECF Doc. 647 (MAR 19, 2020, order). The spread of the coronavirus has been exponential in the United States in the past few weeks, surpassing 50,000 deaths, with more than 1,112 Residents of Pennsylvania (as of April 19, 2020) having died needlessly. Although the BOP has taken some measures to prevent and control the spread of Covid-19 amongst the prison population, those measures have been completely inadequate to protect prisoners from contracting the virus. Inmates live in "close living quarters" and thus "are especially vulnerable to Covid-19 and will need special attention both to minimize transmission risk and address there health care needs in the context of an outbreak"(see https://www.bop.gov/coronavirus/.) The risk to inmate is significantly higher than the risk to the general public Due to the living quarters and the inability to control spread within those living quarters. Prisoners "also may not be able to regularly wash their hands, which may promote the spread of Disease. (see 19_Letter_from_public_health_and_Legal_experts.pdf.)

The facts are undisputed that petitioner's currently residing in his dorm at Allenwood Low in a 12"x12" cubicle with at least two other people. Sleeping spaces within that cubicle are seperated by only a few feet. approximately two hundred (plus) men are sharing five to six funtioning toilets. Access to cleaning supplies is limited thus these circumstances do not permit for proper social distancing or proper hand washing. Even the computer and phone stations are within one foot of one another and within six feet of one another as they wait in line for their turn to use the computer or phone. (see https://www.usatoday.com/story/news/Politics/2020/03/26/jails-Free-hundreds-prisoners-stop-coronavirus/5077204002/.

(Note:) Petitioner has been forced to hand write this motion because the BOP staff has refused to provide typewriters to the inmates!

Whatever precautions the B.O.P has or will have in place, it is inevitable that every inmate at Allenwood Low will come into close contact with BOP staff, other inmates and surfaces/objects touched by BOP staff and other inmates. Allowing Petitioner to serve the remainder of his prison sentence in Home Confinement, where he will isolate himself, in case he has been exposed, while following all CDC recommendations for social distancing, covering faces and hand hygiene will reduce the risk he becomes infected with Covid-19 and increase the chances that he can contribute to a treatment by not getting sick.

## V. Conclusion

In light of the unique circumstances of petitioner's case that petitioner seeks relief. Petitioner has residential stay with his wife already setup to recieve immediate home confinement. Petitioner ask that the court GRANT petitioner's First Step Act motion and order immediate release (Home Confinement), and for such other and further relief deemed proper and necessary in the Interest of Justice.

DATED: MAY 5th, 2020

Respectfully Submitted,
Claudis Lassiter

Claudis Lassiter; Pro Se
Fed No: 42543-037
LSCI Allenwood
P.O Box 1000
White Deer, PA. 17887

(5)